# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6534 | **DATE** | 6/12/2002 |
| **CASE TITLE** | United States of America vs. Libia Elizalde-Adame | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, the defendant's petition for a writ of habeas corpus is denied. [Doc. # 1]. This case is closed.

*David H. Coar*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 1 4 2002 | 8 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| vg(lc) | | courtroom deputy's initials | | |

U.S. DISTRICT COURT
CLERK
02 JUN 13 PM 5: 42
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

JUN 1 4 2002

| | |
|---|---|
| United States of America, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | )    No. 01 C 6534 |
| v. | ) |
| | )    HONORABLE DAVID H. COAR |
| Libia Elizalde-Adame | ) |
| | ) |
| Defendant. | ) |

JUN 1 4 2002

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner's, Libia Elizalde-Adame ("Adame"), writ of habeas corpus

pursuant to 28 U.S.C. § 2255.

### Background

On March 31. 1999, INS agents in St. Louis arrested several people who were

transporting blank alien registration and Social Security cards, including Adame. Following the

arrest, the agents obtained physical evidence and oral and written statements from Adame.

Adame was charged with possession with intent to transfer false identification documents, in

violation of 18 U.S.C. § 1028(a)(3).

Defendant moved to quash arrest and suppress the evidence as products of an illegal entry

into her apartment in violation of the Fourth Amendment to the United States Constitution. On

October 14, 1999, following an evidentiary hearing, this court denied the plaintiff's motion to

suppress. This court found that when defendant opened the door to the apartment in response to

1



the agent's knock, the agents were able to see numerous fraudulent documents inside - thus

giving them probable cause to arrest her - and that the agents announced defendant's arrest while

still outside the apartment. The court further found that defendant's testimony that she did not

open the door far enough for the agents to see into the apartment, and that the agents crossed the

threshold before announcing the arrest, was not credible.

On February 2, 2000, the defendant pled guilty to possession with intent to transfer false

identification documents. It is undisputed that defendant's lawyer at the time, Leonard Goodman

("Goodman"), and the AUSA who prosecuted the case, negotiated a plea agreement which both

of them believed would permit defendant to plead guilty while preserving her right to appeal the

denial of the suppression motion. Fed. R.Crim.P. 11(a)(2), however, requires that a conditional

plea may only be entered with the consent of the government and the approval of the court, and

that the issue to be preserved for appeal must be specified in writing. The plea agreement in this

case did not state that the plea was conditional, nor did it express the U.S. Attorney's consent to a

conditional plea, or identify the issue being preserved for appeal. At the change of plea hearing,

this court was not asked to approve a plea conditioned on defendant's right to appeal the denial

of the motion to suppress. In an affidavit, Goodman admits that at the time of the defendant's

guilty plea, he was unaware of the requirements of Rule 11(a)(2), and he adds his belief that the

prosecutor was similarly unaware and had not deliberately tricked him and his client into entering

an unconditional plea. The government acknowledges that this is the fact in this case.

Sentencing had been set for May 9, 2000, but some time after the plea, defendant fled to

Mexico. On March 3, 2000, she was denied entry into the United States at the border crossing in

Laredo, Texas. The defendant did return to United States, however, and was arrested several

2

months later in Cincinnati, Ohio.

Defendant was sentenced on December 19, 2000, to a term of 41 months in custody, the low end of the Guideline range. She appealed, arguing that her motion to suppress should have been granted, but the Seventh Circuit dismissed the appeal in an unpublished order on the ground that the guilty plea was unconditional, waiving all non-jurisdictional defects in the proceedings before this court. Represented by new counsel, defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate the plea agreement and enter a conditional plea.

### Habeas Corpus Standard of Review

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or sentence has been founded on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir.1995); 28 U.S.C. § 2255. If the court determines that any of these errors infected the judgment or sentence, the petitioner's conviction will be vacated or set aside, and the petitioner will be discharged, resentenced, or granted a new trial. Key v. U.S., 2002 WL 483418, *1 (N.D.Ill.).

### Analysis

I. Ineffective Assistance of Counsel

Adame argues that her counsel was ineffective because she intended to enter a conditional plea. To establish that counsel provided ineffective assistance, the petitioners must demonstrate: (1) that their attorney's performance was deficient; and (2) that such representation prejudiced his or her case. Precin v. United States, 23 F.3d 1215, 1218 (7th Cir.1994). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of

3

reasonableness" guaranteed under the Sixth Amendment. Barker v. United States, 7 F.3d 629, 633 (7th Cir.1993) (quoting Strickland v. Washington, 466 U .S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). To satisfy the second prong, the petitioners must show that because of counsel's errors, the outcome of their trial or sentencing was fundamentally unreliable or unfair. Id. Because counsel is presumed to have been effective, the petitioners bears a heavy burden in proving that counsel was ineffective and that their defense was prejudiced. Id.

The government concedes that Adame meets the first prong of this test, and that Goodman performed deficiently by failing to familiarize himself with the requirements of Rule 11 before allowing his client to plead guilty in federal court. The government argues, however, that the defendant cannot satisfy the prejudice component of the Strickland test. This court agrees.

As both the government and the defendant have noted, the Seventh Circuit's decision in Kitchen v. United States, 227 F.3d 1014, 1020-21 (7th Cir. 2000), is closely analogous to the present facts. In that case, counsel's failure to file a notice of appeal pertained to only one issue- the appeal on the other issues had been stayed pending the district court's resolution of a motion for a new trial based on newly discovered evidence, and when the motion was denied, counsel inadvertently failed to file a notice of appeal from that ruling and have it consolidated with the pending appeal. The Seventh Circuit held that in such a case, " a defendant must demonstrate prejudice by showing that the 'omitted issue may have resulted in a reversal of the conviction, or an order for a new trial,' . . . and only in the defendant makes that showing, will we deem the lack of effective assistance prejudicial . . . If, however, [the defendant's] appeal would not likely have resulted in reversal, [defendant] has not demonstrated prejudice, and his ineffective

4

677 F.2d 602 (7th Cir. 1982). In both of these cases, the Seventh Circuit, applying the Supreme

Court's holding in United States v. Santana, 427 U.S. 38 (1976), found that the agents lawfully

entered the suspect's apartment upon observing him conduct drug transactions in the doorway.

The defendant asserts that the Seventh Circuit misinterpreted the scope of the Santana

"open doorway" exception by not limiting the rule to those suspects who "voluntarily" expose

themselves to the public. In fact, however, the Seventh Circuit quotes from the Supreme Court's

decision in Santana, when stating in both cases, "that a person has no expectation of privacy

when he 'knowingly exposes himself to the public, even in his own house or office [and,

therefore,] is not a subject of Fourth Amendment protection.' Sewell, 942 F.2d at 1212 (citing

Santana, 427 U.S. at 42, 96 S.Ct. at 2409 (citing Katz v. United States, 389 U.S. 347, 351, 88

S.Ct. 507, 511, 19 L.Ed.2d 576 (1967)). See also Fleming, 677 F.2d at 608. Under the standards

set by Santana itself, the defendant knowingly exposed herself to the public, even if she was in

her own house, by opening the opening the door and standing in the doorway subsequent to the

agents asserting their authority.

Given that there is no evidence or precedent presented in the defendant's habeas petition

which suggests clear error with respect the court's ruling on the defendant's motion to suppress

evidence, the Seventh Circuit would have no basis on which to reverse and disallow the evidence

obtained by the agents from Adame. See United States v. Sewell, 942 F.2d 1209 1211 (7th Cir.

1991), cert.denied, 503 U.S. 962 (1992). The defendant has not demonstrated that counsel's

failure to preserve the defendant's right to appeal the court's ruling on defendant's motion to

suppress may have resulted in a reversal of the conviction, or an order for a new trial. Therefore,

the defendant has not established prejudice as required under Strickland and her ineffective

7

The Seventh Circuit held that under the agent's version, the arrest was legal because "it appears Berkowitz submitted to the agents' authority to arrest him before they entered." Id. at 1386. The Seventh Circuit explained:

> When the police assert from outside the home their authority to arrest
> a person, they have not breached the person's privacy interest in the home.
> If the person recognizes and submits to that authority, the arrestee, in effect,
> has forfeited the privacy of his home to a certain extent. At that point, it is not
> unreasonable for the police to enter the home to the extent necessary to complete
> the arrest. A person who has submitted to the police's authority and stands waiting
> for the police to take him away can hardly complain when the police enter his home
> briefly to complete the arrest.[] It is a different matter, however, for the police to enter a
> person's home, without his consent, before announcing their authority to arrest. In that
> case, the arrestee has not forfeited his privacy interest in the home; he has not
> relinquished his right to close the door on the unwanted visitors.

Id. See also McKinney v. George, 726 F.2d at 1188 (suggesting that a person answering the police's knock may retreat into his home, and that police may not then enter without a warrant to arrest him).

In this case, upon hearing testimony from the agents as well as the defendant, this court concluded that the police had asserted their authority and the defendant submitted to that authority as required under Berkowitz. More specifically, this court, having found the agents' testimony credible, stated "that the arrest [of the defendant] was made, in fact, while the agents were outside the apartment and – outside the room and the defendant was standing in the doorway." (Defendant's Exhibit B, 09/21/99 Suppression Hearing Transcript ("Supp.Tr.") at pg. 5). Consequently, the defendant's present argument already has been addressed and settled by this court at the defendant's suppression hearing.

In addition, the defendant argues that this court wrongfully relied on the Seventh Circuit's rulings in United States v. Sewell, 942 F.2d 1209 (7th Cir. 1991), and United States v. Fleming,

assistance claim fails." Id. (quoting Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996)).

In this case, the defendant is unable to establish that review by the Seventh Circuit of the denial of her motion to suppress evidence may have resulted in a reversal of her conviction and is therefore clearly prejudicial under the standards set by the Seventh Circuit in Kitchen.

A district court's denial of a motion to suppress evidence is reviewed for clear error. See United States v. Sewell, 942 F.2d 1209 1211 (7th Cir. 1991), cert.denied, 503 U.S. 962 (1992). A court's finding is clearly erroneous when "the reviewing court is left with the definite and firm conviction that a mistake has been made." United States v. Marshall, 157 F.3d 477, 480-81 (7th Cir. 1998) (citation omitted).

In this case, the defendant argues that the warrantless entry of officers into his home was unconstitutional under the rule of Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) and United States v. Berkowitz, 927 F.2d 1376 (7th Cir. 1991). In Payton, the Supreme Court held that "the Fourth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest." 445 U.S. at 576, 100 S.Ct. at 1375.

In Berkowitz, federal agents possessed information "that indisputably amounted to probable cause to arrest Berkowitz" for theft of government documents. The agents went to his home, but did not have an arrest warrant. Berkowitz, 927 F.2d. at 1380. According to the arresting agent, he knocked on Berkowtiz's door and Berkowitz opened the door to answer. The agent immediately announced the arrest. Berkowitz did not resist or attempt to close the door. Id.

5

assistance claim fails.

II. Equitable Estoppel

Defendant argues that the government should be estopped from defending against her motion pursuant to 28 U.S.C. § 2255, since the government had agreed to the defendant intention to enter a conditional plea, preserving her right to appeal the denial of her motion to suppress evidence. This court disagrees.

Four elements must be present for equitable estoppel to apply: (1) the party to be estopped must know the facts; (2) this party must intend that the opposing party will act in reliance on his conduct; (3) the party asserting estoppel must have been ignorant of the facts; and (4) this party must act in reasonable reliance on the other's conduct, to his substantial detriment. Azar v. United States Postal Service, 777 F.2d 1265 (7th Cir. 1985). Further, when equitable estoppel is invoked against the government, there is a fifth element that must be present, "affirmative misconduct" by the government, "an affirmative act to misrepresent or mislead." LaBonte v. United States, 233 F.3d 1049, 1053 (7th Cir. 2000) (quoting Gibson v. West, 201 F.3d 990, 994 (7th Cir. 2000)).

While the government concedes that in this case the first three elements are present, the government contends that Goodman, defendant's attorney, could not have acted in reasonable reliance on the government's draft plea agreement because Goodman had the means to discover that the plea agreement was insufficient to preserve the defendant's right to appeal the court's ruling on the defendant's motion to suppress evidence.

In the Seventh Circuit, having the means to ascertain the necessary facts, and the existence of rules or regulations containing the necessary facts, does not preclude the application

of equitable estoppel *per* se. Azar, 777 F.2d at 1270. In Azar, the Seventh Circuit stated however, that "[t]he real inquiry in most instances [] is whether the complaining party acted reasonably when he relied on those he now seeks to estop rather than employing some other means to obtain the information." Id. And in this case, Goodman's reliance would have been unreasonable. As an attorney representing a defendant's interests in adversarial system, Goodman would not have relied solely on information provided by the opposing attorney, even with respect to a plea bargain (unless, of course, his representation was deficient). Further, nothing in the government's actions indicates an affirmative act to misrepresent or mislead. Consequently, the defendant's equitable estoppel claim is untenable.

## Conclusion

For the foregoing reasons, the defendant's petition for a writ of habeas corpus is denied. This case is closed.

Enter:

David H. Coar
United States District Judge

Dated: June 12, 2002

9