Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6534 | **DATE** | 9/27/2002 |
| **CASE TITLE** | United States of America vs. Libia Elizalde-Adame | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated in the attached memorandum, this Court grants Petitioner a certificate of appealability on the issue of whether trial counsel's deficient performance relating to Petitioner's plea agreement resulted in prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 30 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar/lc | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 01 C 6534 |
| Plaintiff/Respondent, | ) | |
| | ) | HONORABLE DAVID H. COAR |
| v. | ) | |
| | ) | |
| LIBIA ELIZALDE-ADAME | ) | |
| | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

SEP 3 0 2002

## MEMORANDUM OPINION AND ORDER

Petitioner Libia Elizalde-Adame ("Petitioner" or "Elizalde-Adame") filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 in this Court on August 22, 2001. This Court denied the Motion on June 12, 2002. On July 10, 2002, Petitioner filed a timely Notice of Appeal. The filing of a Notice of Appeal presents Petitioner's request *sub silentio* for a Certificate of Appealability. See Fed. R. App. Pro. 22(b)(1) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). In the absence of a written application, this Court will presume that Petitioner seeks a Certificate of Appealability on all issues in her appeal. For the foregoing reasons, Elizalde-Adame's request for a Certificate of Appealability is granted.

## FACTUAL & PROCEDURAL BACKGROUND

Agents of the Immigration and Naturalization Service (INS) arrested Elizalde-Adame in her home on March 31, 1999 for making counterfeit immigration documents. Prior to her

-1-

trial, Petitioner filed a Motion to Quash Arrest and Suppress Evidence ("Motion to Suppress"). In the motion, Elizalde-Adame alleged that the circumstances of her arrest violated her Fourth Amendment rights. On August 27, 1999, this Court held an evidentiary hearing on the Motion to Suppress. Petitioner and the arresting agents testified regarding the circumstances of her arrest. After receiving briefing from both parties, this Court denied the Motion to Suppress.

The parties began negotiating a plea agreement shortly thereafter. Petitioner was willing to plead guilty to the charge provided that she could reserve her right to appeal this Court's ruling on the Motion to Suppress: in other words, she was only willing to enter a conditional plea. Elizalde-Adame's defense attorney believed that the state agreed to the sole condition of the plea (appeal of the ruling on the suppression motion). On February 2, 2000, Petitioner entered an unconditional plea of guilty to the charges. She received a sentence of forty-one (41) months. On direct appeal, the Seventh Circuit held that it was without jurisdiction to review the issues in Petitioner's case because she had waived her appellate rights in her plea agreement. See United States v. Elizalde-Adame, 262 F.3d 637, 641 (7th Cir. 2001) ("Because Elizalde-Adame did not reserve the right to appeal the denial of her motion to suppress when she pled guilty, we lack jurisdiction to hear this appeal.").

Petitioner filed a Motion to Vacate Sentence under 28 U.S.C.§ 2255 in August 2001. The constitutional basis Petitioner set forth to vacate her sentence was an alleged violation of her Sixth Amendment right to effective assistance of counsel in negotiating and entering the plea agreement. Elizalde-Adame also asserted that the doctrine of equitable estoppel should preclude the government from defending against her motion because they previously agreed to

allow her to enter a conditional plea. On June 14, 2002, this Court declined to grant the relief requested in a written opinion. See United States v. Elizalde-Adame, No. 01-C-6534, 2002 WL 1308639 (N.D. Ill. June 14, 2002).

## DISCUSSION

### A. Standard of Review

A federal prisoner must obtain a certificate of appealability ("COA") to appeal a final order denying a § 2255 petition. 28 U.S.C. § 2253(c)(1)(B). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court explained how a district court should evaluate a request for a COA. When a district court has denied a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484.

### B. Ineffective Assistance of Counsel

Petitioner's goal in this case is to challenge the validity of her guilty plea. The only way to challenge a plea entered with the advice of counsel is through allegations of ineffectiveness. See Hill v. Lockhart, 474 U.S. 52, 56 (1985) ("a defendant who pleads guilty with the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that [counsel was ineffective]'") (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). In order to sustain a Sixth Amendment ineffectiveness claim, Petitioner must show two things: first, that counsel's performance fell below an objective standard of reasonableness; and second, that but for counsel's deficient performance, there is a reasonable

-3-

likelihood that the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish prejudice in the context of a guilty plea, the Petitioner must demonstrate that, but for counsel's deficient performance, she would not have entered the plea agreement. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). Where, as here, the deficiencies relate to only one appealable issue, this Court determined that, to establish prejudice, petitioner must show that the appeal may have resulted in a reversal of her conviction. Kitchen v. United States, 227 F.3d 1014, 1020-21 (7th Cir. 2000).

In this case, both parties conceded that counsel's performance was deficient. The only inquiry for this court, then, was whether petitioner could establish prejudice. After exploring the details of the Fourth Amendment claim, this Court determined that she could not. United States v. Elizalde-Adame, No. 01-C-6534, 2002 WL 1308639, at *3-*4 (N.D. Ill. June 14, 2002). In part because this is a fact-intensive inquiry, the Court believes that "reasonable jurists" could find that conclusion "debatable or wrong." Therefore, this Court grants the request for a Certificate of Appealability on Petitioner's ineffective assistance of counsel claim.

## C.  Equitable Estoppel

Elizalde-Adame sought to preclude the government from challenging this appeal based on the doctrine of equitable estoppel. In order to apply equitable estoppel, four elements must pertain: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that the opposing party will act in reliance upon its conduct; (3) the party asserting estoppel must have been ignorant of the facts; and (4) the party asserting estoppel must reasonably rely upon the other party's representations to its substantial detriment. Azar v.

United States Postal Service, 777 F.2d 1265, 1268 (7th Cir. 1985). When the party to be estopped is the government, the party seeking estoppel must show some "affirmative misconduct" by the government. Id.; accord LaBonte v. United States, 233 F.3d 1049, 1053 (7th Cir. 2000).

In order to grant a certificate of appealability, the statute requires a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Equitable estoppel is a common-law doctrine that does not ordinarily take on a constitutional dimension. It is unclear whether this Court can grant certificates of appealability for non-constitutional issues. See Slack v. McDaniel, 529 U.S. at 484 (although section 2253(c)'s application to constitutional issues is "straightforward," "the issue becomes somewhat more complicated" when case presents nonconstitutional questions); see also Randy Hertz & James S. Liebman, 2 Federal Habeas Corpus Practice and Procedure § 35.4b, at 1571-72 (4th ed. 2001) ("How section 2253(c)(2) treats *non*constitutional claims is as yet largely unclear."). Although the application of equitable estoppel is essentially non-constitutional, the Court believes that the allegations at the root of this equitable estoppel assertion (misrepresenting the contents of a plea agreement) could take a constitutional dimension in the limits the Due Process Clause places upon government conduct in criminal cases. Accordingly, this court will address whether a certificate of appealability should issue on this claim. See Buggs v. United States, 153 F.3d 439, 443-45 (7th Cir. 1998) (allowing that statutory claim with constitutional dimension could qualify for a certificate of appealability).

While Petitioner here had no trouble demonstrating the first three elements of equitable estoppel, the Court found that Petitioner could demonstrate neither that her attorney's reliance

-5-

on the governments representations was reasonable nor that the government action here amounted to affirmative misconduct. While the conclusion about the reasonableness of the attorney's reliance may be debatable among jurists of reason (the attorney's performance was deficient, after all), the Court does not believe that jurists of reason would debate that the government action in this case was affirmative misconduct. There is no evidence of affirmative attempts to mislead or misrepresent Petitioner or her trial attorney into accepting this plea agreement. Consequently, the implicit request for a certificate of appealability on the equitable estoppel issue is denied.

## CONCLUSION

For the reasons set forth above, Elizalde-Adame's application for a certificate of appealability is granted, limited to the following issue: whether trial counsel's deficient performance relating to Petitioner's plea agreement resulted in prejudice.

Enter:

_____
David H. Coar
United States District Judge

Dated: September 27, 2002